OPINION of the Court, by
Judge Trimble
The first question which presents itself is, What is the proPer construction of the instrument of writing executed by Joseph Bisset to Hobbs, under which he claims the negro woman ? It is contended by the counsel for Hobbs, that the instrument ought either to be considered as a mortgage or a deed or trust; and that it created a present lien on the property in favor of Hobbs, to the exc]usjon 0f Bissett’s general creditors. If this should o be deemed the proper construction, then the other questions made at the bar maybe important. But it is con-by Harrison’s counsel, that the instrument is neither a mortgage nor deed ot trust; and that it create(j BO present lien, either legal or equitable, but gave onR' a contingent power to sell. If he is right, there is an end of the contest.
After giving the instrument all the consideration of which we are capable, we are of opinion it can neither be considered as a mortgage nor a deed of trust. In *153 both these forms of conveyance the property is changed, and the title vested in the grantee or bargainee. It is true, no technical or set form of expression is required to create either of them ; and any words expressing the intentions of the parties will be sufficient. In the case before the court, the parties seem not to have intended a change of property, or a transfer of the right of the negro woman from Bissett to Hobbs; but only to give Hobbs a power, upon the happening of a future and contingent event, to sell the negro woman, and out of the proceeds of the sale to pay himself, and to account for the residue of the price. In the mean time, the property or tide to the negro woman is, by the instrument, clearly left in Bissett. Hobbs had no power over her unless the event intended to be provided for happened ; he had none until it did happen : and the instrument does not, even upon the taking place of the event, vest the title in Hobbs ; but gives him only a power to sell and vest the title in another. The instrument, therefore, can only be regarded as a power given, to be exercised only upon a future contingency taking place ; if it never took place there was no power given. As for example, if Bissett had never gone down the Ohio, the power could never have been exercised ; for the contingency of his returning or not depended upon his going. It is remarkable that the instrument does not stipulate that the money should be paid by the time mentioned in the instrument; but provides, that if he did not return by the time mentioned, Hobbs should have the power of selling, &c. It is true, it is a power coupled with an interest, and therefore, as between Hobbs and Bissett, it might not be revocable ; but, as between Hobbs and the creditors of Bissett, it seems to us that the instrument created no lien upon the property, especially between the time of its execution and the first day of March next after its date ; and consequently, the property was liable either to be attached or taken in execution by the other creditors.
It need only be further observed, that, from this view of the subject, the decree of the circuit court in favor of Hobbs must be deemed erroneous ; and the consideration of the other questions argued at the bar is rendered unnecessary. — —Decree reversed.